IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:    1:10cr03/MW/GRJ
                                                     1:16cv353/MW/GRJ

STEVEN MICHAEL BABIK

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 46); the Government's Response thereto (ECF No. 48); and Petitioner's Reply. (ECF No. 49.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing § 2255 Cases.

## I.  BACKGROUND

On January 19, 2010, the United States Attorney for the Northern District of Florida filed a two-count information charging Petitioner with 1) receiving and distributing and attempting to receive and distribute child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1) (Count One); and 2) possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). (ECF No. 1.)

Petitioner entered into a plea agreement in which he agreed to plead guilty to Count One in exchange for the Government's promise to dismiss Count Two. (ECF No. 22.) On April 27, 2010, the Court accepted Petitioner's guilty plea. (ECF No. 21.) Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (ECF No. 44.) The PSR reflected that Petitioner had a base offense level of 22 pursuant to United States Sentencing Guidelines § 2G2.2(a)(2). *Id.* at ¶ 27. The base level was significantly increased by five specific offense characteristics. Petitioner received a two-level increase pursuant to § 2G2.2(b)(2) because many of the videos involved

prepubescent minor children. *Id.* at ¶ 28. He received a two-level increase pursuant to § 2G2.2(b)(3)(F) because the offense involved a peer-to-peer file-sharing network in which Petitioner listed child pornography for distribution. *Id.* at ¶ 29. He received a four-level increase pursuant to § 2G2.2(b)(4) because several of the images and videos portrayed bondage of prepubescent children. *Id.* at ¶ 30. He received a two-level increase pursuant to § 2G2.2(b)(6) because the offense involved a computer and an interactive peer-to-peer file-sharing network to possess, transmit, receive, and distribute the material. *Id.* at ¶ 31. He received a five-level increase pursuant to § 2G2.2(b)(7)(D) because the offense involved more than 600 images. *Id.* at ¶ 32. After a three-level adjustment for acceptance of responsibility, Petitioner's total offense level was 34. *Id.* at ¶ 38. Petitioner's criminal history category was I. *Id.* at ¶ 41. The offense carried a minimum term of imprisonment of five years and maximum of twenty years pursuant to §§ 2252A(a)(2)(A) and 2252A(b)(1). *Id.* at ¶ 65. The applicable Guidelines range was 151 to 188 months. *Id.* at ¶ 66.

On September 17, 2010, the Court sentenced Petitioner to 151 months of imprisonment, a life term of supervised release, and a $100

Special Monetary Assessment. (ECF No. 39.) The Court entered the judgment against Petitioner on September 22, 2010. (ECF No. 41.)

Petitioner did not file an appeal to the Eleventh Circuit Court of Appeals, nor did he file a Motion for Certiorari in the United States Supreme Court. On November 16, 2016, more than six years after the Court entered final judgment in his case, Petitioner filed the instant Motion pursuant to § 2255. In his sole ground for relief, Petitioner seeks a sentence reduction on the grounds that he did not "knowingly" engage in the distribution of child pornography and therefore should not have received a two-point enhancement pursuant to § 2G2.2(b)(3)(F).[1] (ECF No. 46 at 4.)

## II. ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section

---

[1] In his original Motion, Petitioner asserts that an amendment to U.S.S.G. § 2G2.1(b)(3) entitles him to relief. (ECF No. 46 at 4.) However, Petitioner's sentence was not enhanced pursuant to that subsection. Petitioner did receive a two-level enhancement pursuant to § 2G2.2(b)(3)(F). In his Reply, Petitioner argues his sentence should be reduced based on a 2016 amendment to § 2G2.2(b)(3)(F). Accordingly, the Court construes this Motion as seeking a sentence reduction of two levels based on the 2016 amendment to § 2G2.2(b)(3)(F).

Case Nos.: 1:10cr03/MW/GRJ; 1:16cv353/MW/GRJ

2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance

of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Time Bar

Section 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on September 22, 2010, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. *See* FED. R. APP. P. 4(b)(1). Thus, the instant Motion, filed more than six years later on November 16, 2016, is untimely.

    Petitioner seeks to invoke § 2255(f)(3) to overcome the time-bar on the grounds that § 2G2.2(b)(3)(F) was amended on April 28, 2016, and the amendment was made retroactive. In other words, Petitioner asserts this Motion is timely under § 2255(f)(3) because it was asserted within one year after § 2G2.2(b)(3)(F) was amended.

Case Nos.: 1:10cr03/MW/GRJ; 1:16cv353/MW/GRJ

At the time Petitioner was sentenced, an enhancement pursuant to § 2G2.2(b)(3)(F) did not contain a *mens rea* element; it could be applied regardless of whether a defendant knowingly engaged in the distribution of child pornography. *See United States v. Creel*, 783 F.3d 1357, 1360 (11th Cir. 2015) ("No element of *mens rea* is expressed or implied by [the Sentencing Guidelines' definition of distribution]."). Effective November 1, 2016, the United States Sentencing Commission revised § 2G2.2(b)(3)(F) to apply only if a defendant "*knowingly* engaged in distribution." (emphasis added). United States Sentencing Commission, *Amendments to the Sentencing Guidelines*, 14-16 (April 28, 2016). An application note to the revised guideline defines "knowingly engaged in distribution," in part, as "knowingly committed the distribution," or "aided, abetted, counseled, commanded, induced, procured, or willfully caused the distribution[.]" *Id.* at 15.

This amendment to § 2G2.2(b)(3)(F), promulgated by the Sentencing Commission, is not a right that has been recognized by the Supreme Court and made retroactively applicable by the Supreme Court to cases on collateral review. On the contrary, the Eleventh Circuit has held that the

amendment may not be applied retroactively. Under Eleventh Circuit law, "amendments that clarify the guidelines . . . should be considered on appeal regardless of the date of sentencing . . . . Substantive amendments, on the other hand, are not applied retroactively on direct appeal." *United States v. Neely*, 683 F. App'x 918, 920 (11th Cir. 2017)*,* quoting *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The Eleventh Circuit has clearly stated that the amendment to § 2G2.2(b)(3)(F) is "a substantive amendment that does not apply retroactively." *United States v. Garcia*, 654 F. App'x 972, 975 n.2 (11th Cir. 2016), citing *Jerchower*, 631 F.3d at 1185. This is so because the amendment alters the text of the guideline itself, resolves a circuit split, and, rather than defining distribution or otherwise clarifying the original guideline's intent, adds the adverb "knowingly" before "distribution" to create a scienter requirement. *Id.* Accordingly, because the amendment to § 2G2.2(b)(3)(F) is substantive, it cannot be applied retroactively to Petitioner's sentence.

Finally, Petitioner's claim is not cognizable in the instant § 2255 Motion because Petitioner has failed to show the sentence enhancement resulted in an error of constitutional magnitude or that it results in a

miscarriage of justice.

Unless the claimed error involves a lack of jurisdiction or a constitutional violation, § 2255 relief is limited. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). An intervening change of law can provide a basis for relief under § 2255 if the change in law has a constitutional dimension or if it involves a change in the interpretation of a law of the United States. *Brown v. United States*, 688 F. App'x 644, 651 (11th Cir. 2017), citing *Davis v. United States*, 417 U.S. 333, 342-45 (1974).

Where an intervening change of law involves the interpretation of a law of the United States, the intervening change in law only provides a basis for relief on collateral review if not applying the change constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.*, quoting *Davis*, 417 U.S. at 346 (citation omitted). An error at sentencing rises to the level of a "fundamental defect" and "results in a complete miscarriage of justice" if the prisoner "is either actually innocent of his crime or . . . a prior conviction used to enhance his sentence has been vacated." *Id.*, quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Conversely, a misapplication of the Guidelines does not

constitute a "fundamental defect" or "result[ ] in a complete miscarriage of justice" and the erroneous application of a Guideline provision will not serve as a basis for relief in a collateral proceeding under § 2255. *Id.*, quoting *Spencer*, 773 F.3d at 1135, 1139-42. Furthermore, the extent of an increase to a defendant's Guidelines range as a result of the misapplication of a Guidelines provision . . . does not alter the conclusion that a Guidelines error does not constitute a "fundamental defect" or "result[ ] in a complete miscarriage of justice." *Id.*, quoting *Spencer,* 773 F.3d at 1142. This is because the Guidelines are merely advisory and any error in calculating the Guidelines produces neither an illegal sentence in excess of the statutory maximum penalty nor a sentence that could not be reimposed at resentencing. *Id.*, quoting *Spencer*, 773 F.3d at 1139-40.

      Assuming for the sake of argument that Petitioner's sentence, enhanced under the now-amended version of § 2G2.2(b)(3)(F) is in error, Petitioner cannot establish the error has resulted in a complete miscarriage of justice. For the reasons discussed herein, Petitioner's claim is time-barred and not cognizable in the instant § 2255 Motion.

Case Nos.: 1:10cr03/MW/GRJ; 1:16cv353/MW/GRJ

### *C. Evidentiary Hearing*

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, to the extent Petitioner requests an evidentiary hearing, his request is denied.

### III. CONCLUSION

For all the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's Motion should be denied.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 1:10cr03/MW/GRJ; 1:16cv353/MW/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 46) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 25th day of January, 2018.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:10cr03/MW/GRJ; 1:16cv353/MW/GRJ

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.